Kelly H. Dove, Esq.
Nevada Bar No. 10569
Charles E. Gianelloni, Esq.
Nevada Bar No. 12747
David L. Edelblute, Esq.
Nevada Bar No. 14049
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
Telephone:  (702) 784-5200
Facsimile:   (702) 784-5252
Email:  kdove@swlaw.com
            cgianelloni@swlaw.com
            dedelblute@swlaw.com

*Attorneys for Wells Fargo Bank, N.A.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>HYFLO LIMITED PARTNERSHIP,<br><br>Defendant. | Case No.<br><br>**MOTION TO CONFIRM ARBITRATION AWARD AND REQUEST TO ENTER JUDGMENT** |

   Pursuant to NRS 38.239 and 38.243, and 9 U.S.C. §§ 9 and 13, Wells Fargo Bank National Association ("Wells Fargo") moves this Court for an Order confirming the Arbitrator's Findings of Fact, Conclusions of Law and Decision issued on October 16, 2019 (the "Final Award"), and requests that the Final Award be entered as a judgment in favor of Plaintiff.

   This Motion is based on the following Memorandum of Points and Authorities, the Final Award attached as **Exhibit 1** and any oral and documentary evidence that may be presented.

///

///

///

///

4848-1291-9211

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Wells Fargo is entitled to confirmation of the Final Award granted in AAA arbitration captioned as *Hyflo Limited Partnership v. Wells Fargo Bank National Association* (American Arbitration Association No. 01-18-0004-6821). Following arbitration on August 26, 2019, the Arbitrator rendered the Final Award in favor of Wells Fargo on October 16, 2019. *See* Exhibit 1.

## II. PRODECURAL HISTORY

Hyflo Limited Partnership ("Hyflo") filed its arbitration demand on December 20, 2018, initiating AAA Arbitration against Wells Fargo. In arbitration, Hyflo pursued claims against Wells Fargo for breach of contract, breach of fiduciary duty, and for negligence. The case centered on Wells Fargo's refusal to reimburse Hyflo for five unauthorized debits from Hyflo's savings account. Hyflo alleged that the bank's refusal to reimburse gave rise to Hyflo's claims.

The Arbitrator heard the claims during an August 26, 2019 arbitration in Las Vegas, Nevada. The Arbitrator issued his Final Award on October 16, 2019. *See* Exhibit 1. The Final Award states that (1) Wells Fargo prevails against Hyflo on all of Hyflo's claims against Wells Fargo; (2) each party was to pay its own attorneys' fees and costs; and (3) each party is to bear its own costs of Arbitration. *Id.* at 10:7-10. Wells Fargo now requests that this Court confirm the Final Award and enter judgment pursuant to NRS 38.239 and 38.243, and 9 U.S.C. §§ 9 and 13.

## III. ARGUMENT

This Court should confirm the Final Award and enter judgment in favor of Wells Fargo. Nevada has a strong and established policy favoring arbitration. *See, e.g. Mikohn Gaming Corp. v. McCrea*, 120 Nev. 248, 252, 89 P.3d 36, 39 (Nev. 2004). The Nevada Uniform Arbitration Act of 2000 ("Act") provides that "[a]n agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award[.]" NRS 38.244. Similarly, 9 U.S.C. § 9 provides, "If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so

specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or correct . . . ."

The parties' agreement provides:

> " . . . Wells Fargo and you agree, at Wells Fargo's or your request, to submit to binding arbitration all claims, disputes, and controversies between or among Wells Fargo and you . . . whether in tort, contract or otherwise arising out of or relating in any way to your account(s) and/or service(s), and their negotiation, execution, administration, modification, substitution, formation, inducement, enforcement, default, or termination . . ." and that the arbitration will " . . . [b]e governed by the Federal Arbitration Act . . . ."

Deposit Account Agreement, attached as **Exhibit 2**, at p. 9. Accordingly, this Court has proper jurisdiction to confirm the Final Award and enter judgment.

The Act also provides that upon issuance of an award in arbitration, the prevailing party may bring a motion in the District Court to confirm the arbitrator's award. *See* NRS 38.239 ("After a party to an arbitral proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court ***shall*** issue a confirming order . . . .") (emphasis added)); 9 U.S.C. §§ 9, 13. Further, upon confirmation of the award "the court shall enter a judgment in conformity therewith." NRS 38.243(1). The judgment may then "be recorded, docketed and enforced as any other judgment in a civil action." *Id.* Additionally, the "court may allow reasonable costs of the motion and subsequent judicial proceedings." NRS 38.243(2). If the motion is contested, the "court may add reasonable attorney's fees and other reasonable expenses of litigation." NRS 38.243(3).

Here, Hyflo and Wells Fargo participated in arbitration before a reputable arbitrator, pursuant to the terms of their agreements. On October 16, 2019, the Arbitrator rendered the Final Award, denying all of Hyflo's claims against Wells Fargo. *See* Exhibit 1. Wells Fargo now requests this Court confirm the Final Award and enter judgment pursuant to NRS 38.239 and 38.243 and 9 U.S.C. §§ 9 and 13. If this motion is contested, Wells Fargo requests that the judgment include Wells Fargo's reasonable attorney's fees and other reasonable expenses incurred in litigating the motion. *See* NRS 38.243(3).

///

4848-1291-9211

- 3 -

## IV. CONCLUSION

For the foregoing reasons, pursuant to NRS 38.239 and 38.243 and 9 U.S.C. §§ 9 and 13, Wells Fargo respectfully requests that the Court enter an Order confirming the Final Award and entering a final judgment in conformity with the Final Award.

Dated: November 27, 2019.

SNELL & WILMER L.L.P.

By: _____
Kelly H. Dove, Esq. (NV Bar #10569)
Charles E. Gianelloni, Esq. (NV Bar #12747)
David L. Edelblute, Esq. (NV Bar #14049)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252

*Attorneys for Wells Fargo Bank, N.A.*

4848-1291-9211

- 4 -

# CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2019, I electronically filed the foregoing **MOTION TO CONFIRM ARBITRATION AWARD** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that I have mailed the foregoing document by First-Class Mail, postage fully prepaid, to the following:

John R. Erickson, Esq. (NV #5297)
Brian C. Whitaker, Esq. (NV #2329)
Ryan B. Davis, Esq. (NV #14184)
ERICKSON & WHITAKER PC
1349 Galleria Drive, Suite 200
Henderson, NV 89014
Tel: (702) 433-9696
Fax: (702) 434-0615
jerickson@ericksonwhitaker.com
bwhitaker@ericksonwhitaker.com
rdavis@ericksonwhitaker.com
*Attorneys for Claimant*
*Hyflo Limited Partnership*

Rew R. Goodenow, Esq.
PARSON BEHLE & LATIMER
50 West Liberty Street, Suite 750
Reno, NV 89501
Tel: (702) 323-1601
Fax: (702) 348-7250
rgoodenow@parsonsbehle.com
*Arbitrator*

Lupe Gonzalez Baca
Manager of ADR Services
American Arbitration Association
45 E. River Park Place West, Suite 308
Fresno, CA 93720
lupegonzalezbaca@adr.org
*Case Manager*

DATED this 27th day of November 2019.

_____
Jill Math
An Employee of Snell & Wilmer L.L.P.

4848-1291-9211