# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WELLS FARGO BANK NATIONAL ASSOCIATION,

    Plaintiff,

vs.

HYFLO LIMITED PARTNERSHIP,

    Defendant.

Case No.: 2:19-cv-02054-GMN-VCF

**ORDER**

Before the Court is Plaintiff Wells Fargo Bank National Association's ("Plaintiff's") Motion to Confirm Arbitration Award and Request to Enter Judgment, (ECF No. 1). Pursuant to Nevada Revised Statute §§ 38.239 and 38.243, and 9 U.S.C. §§ 9 and 13, Plaintiff moves for the Court to confirm the Findings of Fact, Conclusions of Law, and Decision ("Final Award") issued on October 16, 2019 by Arbitrator Rew R. Goodenow in *Hyflo Limited Partnership v. Wells Fargo Bank National Association*, case no. 01-18-0004-6821. Defendant Hyflo Limited Partnership ("Defendant") did not file a response; and on January 14, 2020, Plaintiff notified the Court that it contacted counsel for Defendant, who stated that Defendant was aware of Plaintiff's Motion and intentionally did not oppose it.

The Federal Arbitration Act (FAA) permits any party to apply to the court to confirm, vacate, modify, or correct an arbitration award. 9 U.S.C. § 9. A court must confirm an arbitration award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9; *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003). "Under the statute, confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera*, 341 F.3d at 997 (internal quotation marks omitted).

Nevada Revised Statute 38.239 follows the language of 9 U.S.C. § 9. It states, "[a]fter a party to an arbitral proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to NRS 38.237 or 38.242 or is vacated pursuant to NRS 38.241." Nev. Rev. Stat. § 38.239.

Here, The Final Award provides: (1) "Wells Fargo prevails against Hyflo on all of Hyflo's claims against Wells Fargo"; (2) "Wells Fargo and Hyflo shall each bear their own attorneys' fees and costs." (Final Arbitration Award, Ex. 1, ECF No. 1-1). Because Defendant does not move to vacate, modify, or correct the Final Award, the Court finds no reason to deny Plaintiff's request for confirmation and entry of judgment.

Accordingly,

**IT IS HEREBY ORDERED** that, Plaintiff's Motion to Confirm Arbitration Award, (ECF No. 1), is **GRANTED**. The Final Award shall be entered as a judgment in favor of Wells Fargo Bank National Association against Hyflo Limited Partnership.

**DATED** this __7__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court